FRANK B. KIMBALL ET AL., APPELLEES, V. LINCOLN THEATRE CORPORATION, APPELLANT.

FILED JULY 9, 1935. No. 29349.

*Beghtol, Foe & Rankin,* for appellant.

*Chambers & Holland, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MUNDAY, District Judge.

MUNDAY, District Judge.

This case was before this court previously on a former

appeal, and the opinion will be found reported in 125 Neb. 677. The facts are there recited with sufficient fullness, and though plaintiffs urge that some evidence on the second trial is more amply brought out, to the effect that plaintiffs instructed and authorized the attachment mentioned in the evidence to be levied, and also as to the extent to which the attachment interrupted the use of the building in question by the defendant, an examination of the record convinces us that the evidence is not such as to exact any change from the conclusions therein announced.

On this appeal the appellant contends that the trial court erred: (1) In giving certain instructions; (2) in failing to instruct on partial eviction of the premises, claiming that was one of the issues as made by the pleadings and evidence.

The alleged error in giving instructions Nos. 4, 5, 7 and 8 is connected with defendant's assignment of error that the trial court did not submit the question of partial eviction to the jury and will be considered with that assignment.

Instruction No. 9 given by the trial court is criticized. It is as follows:

"You are instructed that the law does not require the doing of a vain thing. If you find from the evidence that defendant had determined prior to March 1, 1932, not to pay the March 1st rent, and that had plaintiff served upon defendant at its Lincoln office a notice or demand for payment of the rent, that such rent would not have been paid within 24 hours after such written demand, then the defendant cannot gain any advantage from the fact that plaintiffs did not serve a written notice, if you so find, 24 hours before commencing suit and attaching certain property located in the theatre."

The defendant alleges the giving of this instruction is error, as the original attachment suit (see former opinion) was dismissed because it was prematurely brought, and that any question of notice of default was in effect *res judicata*. There is no pleading by the defendant that the

question of notice of the default is *res judicata*. In the case designated as the March 4, 1932, suit, where the action was dismissed as being prematurely brought, the question of lack of notice arose in determining whether a condition precedent in the lease had been complied with, but in the instant case the question of notice arose on the evidence admitted bearing on the question of the intent of the plaintiffs in determining if there was a constructive total eviction. Thus the question of notice was admitted for a different purpose in each case.

In determining whether or not there was a constructive eviction in the case at bar, it was necessary to determine if the plaintiffs intended to evict the defendant. The evidence as to the attachment suit and whether or not notice was given was competent on the question of intention. Unless the attachment suit or the want of notice interfered with the defendant's use of the premises, under the circumstances of the case, or unless the plaintiffs intended to interfere with the use of the premises by the attachment proceedings, or by not giving notice, there was no eviction by the plaintiffs. We cannot agree with the defendant's contention that this instruction was erroneous under the pleadings, circumstances and evidence in this case. Nor can we indorse the contention of the defendant that, if the jury believed it was unnecessary to give the notice, the jury would be justified in believing the entire attachment proceedings were legal. The plaintiffs had the right to attach the chattels of the defendant in the theatre under their lease for the collection of rent due. *Kimball v. Lincoln Theatre Corporation,* 125 Neb. 677. The court told the jury in instruction No. 10 that the attachment was unlawful when made. The attachment may have been irregular and plaintiffs may be liable in damages, but it does not necessarily follow that there was a constructive eviction. We can do no better than quote the language of Judge Carter in the previous opinion on this point:

"Can it be said that one who is pursuing a legal right, voluntarily granted in a lease of property, to enforce the

collection of rent due thereunder, against a lessee who has failed to pay, thereby places himself in such a position that he absolves the lessee from paying what he contracted to pay? We think not. Under the evidence in the record and the law herein cited, we are obliged to hold that the levy of the attachment, as a matter of law, did not of itself constitute a constructive eviction of the defendants. * * * There are clearly some acts of interference by the landlord with the tenant's enjoyment of the premises which do not amount to an eviction, but which may be either mere acts of trespass or eviction, according to the intention with which they are done."

Therefore the giving of instruction No. 9 was not prejudicial error.

The reasoning and requirement of this court in the quotation last set out is complied with in instruction No. 6 in the case at bar.

The principal contention of appellant seems to be that the trial court erred in submitting to the jury the issue of a constructive total eviction of defendant, when it should have submitted the issue of an actual partial eviction. To constitute a constructive total eviction, the law requires that the tenant abandon the premises within a reasonable time. The trial court so instructed the jury and submitted the case on the theory of a total constructive eviction. Under the pleadings and evidence in this case, this was the correct procedure. It was the theory of the parties to the suit on the former appeal to this court, as shown by the opinion in the following language:

"The defendants claim that these facts show a constructive eviction on the part of the plaintiffs and contend that they are thereby absolved from paying the rentals due under the lease after that date. * * * The defendants contend * * *, in support of their allegation that they were dispossessed of the entire building." *Kimball v. Lincoln Theatre Corporation, supra.*

In the answer, the defendant alleged: "That all of the facts aforesaid made it impossible for this defendant to

occupy said building and amounted to and were an eviction of this defendant from said premises on March 4, 1932. That by reason thereof said lease from and after said date became canceled and not binding upon this defendant, and this defendant is under no obligation by virtue of said lease for the payment of rent or otherwise. That this defendant has not occupied said premises since its eviction therefrom by the plaintiffs."

When the case at bar came on for trial the transcript (p. 20) shows that the defendant requested the court to give, and the court did so give, instruction No. 4 in the following language:

"You are instructed that to determine whether the acts of the landlord constitute a constructive eviction of the tenant, or whether the landlord intended said acts as an eviction, must be determined from all the facts and circumstances in this case. If you find from the evidence that there was any disturbance of the tenant's possession in this case by the landlord, or by some one under his authority, whereby the premises were rendered unfit for occupancy for the purposes for which they were demised, or that the defendant was deprived of the beneficial enjoyment of the premises, and if you further find that the tenant abandoned the premises within a reasonable time, then you will find for the defendant and against the plaintiffs."

It thus appears that the issue of actual partial eviction was not raised; but it does affirmatively appear that the case was tried on the theory of a total constructive eviction by the parties and the trial court, and not on the theory of a partial actual eviction, and that this court on the former appeal also considered the case on the same theory. It has long been the established rule of this court that the parties will be restricted to the same theory upon which the case was prosecuted or defended in the trial court. *Smith v. Spaulding,* 40 Neb. 339; *Bothell v. Miller,* 87 Neb. 835; *Nebraska State Bank v. May,* 117 Neb. 262.

We have examined the record and think that it sustains

the theory adopted by the parties and trial court, and that the question of a partial actual eviction is not in this case, and further the contention of the defendant that the eviction was a partial actual eviction, and not constructive total eviction, we believe to be incorrect by the undisputed evidence. This being true, the propositions and the authorities cited by the defendant, as to partial eviction, will not be considered further.

The issue was as to constructive eviction, and to sustain such an eviction it was necessary for the defendant to abandon the premises. 36 C. J. 263. The trial court so instructed the jury. This the defendant did not do. We have examined the evidence and the record and find no prejudicial error, and the judgment of the trial court is

AFFIRMED.