(No. 32049.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, *vs.* ARTHUR H. FILKINS *et al.*—(B. M. DAVISON *et al.*, Appellants.)

*Opinion filed January 24, 1952—Rehearing denied March 17, 1952.*

BRISTOW, J., took no part.

Davison & Davison, of Springfield, (Eugene L. Davison, of counsel,) for appellants.

Ivan A. Elliott, Attorney General, of Springfield, (William C. Wines, Raymond S. Sarnow, A. Zola Groves, and Roger Fruin, all of Chicago, of counsel,) for appellee.

Mr. Justice Fulton delivered the opinion of the court:

This is an appeal by B. M. Davison and Mary Q. Davison, the owners of certain lands in Clark County, from a decision of the circuit court of that county allowing them $1050 compensation for the taking of 6.99 acres of land, and $130 for damages to land not taken, in a condemnation proceeding which was instituted by the Department of Public Works and Buildings for and in behalf of the People of the State of Illinois under the provisions of the Eminent Domain Act.

B. M. Davison and Mary Q. Davison are the owners of 181 acres of land in Clark County, which is bisected by United States highway No. 40. All but 13½ acres of the land lies north of the highway. The 6.99 acres taken in this proceeding are a portion of the 13½ acres lying south of U.S. highway No. 40.

A petition was filed on September 11, 1950, by the Department of Public Works and Buildings for condemning certain land for highway purposes and limiting access rights to adjacent land under the Freeway Act. The Davisons filed their answer to said petition describing additional lands owned by them and asked for damages to the land not taken. A trial was had before a jury and the jury found that just compensation for the taking of the 6.99 acres of land was $1050. The jury further found that just compensation for the taking of rights of access, cross-

ing, light, air or view to adjacent land with direct access entrances provided in accordance with the petition was none, and that damages to land not taken was the sum of $130.

The landowners appeal to this court and contend that the findings of the jury as to all three parcels were not as required by law and therefore the verdict should have been set aside and a new trial granted.

It is likewise contended that there must be some compensation paid for the taking away of the right of ingress and egress, light, etc., and the jury must grant some compensation for such taking in any event.

A study of the record reveals that this farm is located approximately 2½ miles east of Marshall, Illinois, and consists of about 75 acres of rich creek bottom land, the balance being natural and planted timber or pasture. The farm is improved by a set of farm buildings built in 1918. The 6.99 acres is a part of the rich creek bottom land. The 13½ acre tract, of which the 6.99 acres is a part, is bisected by a creek from north to south. It can be entered only by sharp inclines from U.S. 40 which cannot be ascended by combines, hayracks or machinery other than a tractor or wagon. This machinery must be brought in over adjacent land owned by other persons. The Davisons' other land is located north of U.S. 40 and presently has no passageway onto the highway except by a sharp incline with high banks impassable by any machinery except by tractor or wagon so that crossing from the land north of the highway to the land south of the highway with a combine or other machinery requires going around by way of Livingston, in Clark County. Upon completion of the proposed freeway, improved all weather access suitable for all agricultural and residential purposes will be provided by the State. The land north of the highway is mainly a high bluff for which the highest and best use is considered to be pasture and residential purposes. The tillable land north of the

highway consists of several small tracts ranging in size from 2½ to 21 acres.

At the trial three real-estate brokers testified that the value of the 6.99 acres was from $100 to $135 per acre. Witnesses for the Davisons testified that the value of the same land was from $300 to $500 an acre, but none of them testified as to any comparable land selling for as much as $300, the highest sale that any of them recalled being $155 per acre. At least three witnesses stated that they knew of no comparable land ever selling for as much as $300 per acre.

The witnesses for the State testified that damages caused by the taking of the right of access, crossing, light, air or view to adjacent land with direct access entrances provided for agricultural and residential purposes in accordance with the petition would be nominal or none, or that the change would be an improvement. None of the witnesses gave any evidence of any reduction in the value of the remainder of the farm, or damages to the land not taken north of the highway, other than to the 6½ acres remaining of the 13½ acre tract. The testimony as to the damage to the remaining 6½ acres varied from no damages to reducing the land to no value. One witness for the Davisons placed the damage at $20 an acre.

We shall first consider the award of $1050 for the land taken. This court has held that just compensation for land taken is the amount for which property would sell for cash under ordinary circumstances, assuming that the owner is willing to sell and a purchaser willing to buy, and that this measure of compensation is the same whether or not the owner wishes to sell. (*City of Chicago* v. *Cunnea*, 329 Ill. 288.) Likewise, the United States Supreme Court has stated in *Olson* v. *United States*, 292 U.S. 246, "Just compensation includes all elements of value that inhere in the property, but it does not exceed market value fairly determined. The sum required to be paid the owner does

not depend upon the use to which he has devoted his land but is to be arrived at upon just consideration of all the uses for which it is suitable."

The testimony shows that valuations were placed on the property taken ranging from $100 to $300 an acre by various witnesses. The owner of the property placed the value at $300 to $500 per acre. All witnesses conceded that none had ever known of any land in the history of Clark County similarly situated selling for as much as $300 an acre and it was testified that another tract of land which was supposed to be similar to the land here involved had recently sold for $155 an acre. The award of $1050 for the 6.99 acres of land appears to be within the range of the evidence.

The damages of $130 to the 6½ acres of land not taken likewise appear to be within the range of the testimony. As we stated in *City of Chicago* v. *Vaccarro,* 408 Ill. 587, "It is the settled doctrine of this court that the damages awarded by the jury in a condemnation proceeding will not be disturbed where the evidence is conflicting, the jury viewed the premises, and the amount of compensation fixed is within the range of the evidence, unless there has been a clear and palpable mistake or some erroneous ruling which might have misled the jury or the verdict was the result of passion and prejudice."

The Davisons contend that the jury should have allowed them some compensation for the taking of the ingress and egress, crossing, light and air of the property immediately north of the highway and the other property owned by them. It appears from the record that the Department of Public Works and Buildings shows that ingress and egress would be provided in a better manner than presently provided and, in view of the fact that the jury saw the premises, we believe that its decision that no compensation is due the defendants should not be disturbed.

The contention made by the landowners that the taking of the freeway rights without the jury making an award of some compensation therefore constitutes the taking of property for public use without just compensation, contrary to section 13 of article II of the Illinois constitution, is not meritorious for the reason that the term "just compensation" does not necessarily mean some award must be made. The property owner is entitled to be compensated justly for what is given up to the State. If what he has given up is of no value, the making of an award would not be required in order that he be justly compensated. Evidently the jury in the case at bar felt that the limitation upon ingress and egress, etc., as provided under the new highway was no greater than the present privilege of ingress, egress, etc. We therefore do not believe that the action of the jury should be disturbed on this point.

The defendants have contended that the court erred in giving certain instructions, refusing certain instructions and modifying others. We have examined each of these instructions given at the request of the plaintiff and the defendants and also the instructions modified and refused. We believe that the instructions given very adequately instructed the jury in this case. A careful examination of the defendants' given instructions indicates that they were carefully drawn to present every aspect of defendants' damage to the jury and that the jury was more than adequately instructed on the defendants' theory of the case.

The defendants have contended that the verdict of the jury was not in conformity with the complaint filed. From the record it appears that the parties stipulated in open court that the verdict could be corrected as to description. In view of this stipulation we do not believe that this point is well taken.

A careful review of the record in this case, together with a thorough consideration of the arguments made by

counsel, forces us to the conclusion that the defendants received a fair and impartial trial and that the decision of the jury and the action of the trial court should not be disturbed.

*Judgment affirmed.*

Mr. Justice Bristow took no part in the consideration or decision of this case.