TWENTY CLUB, A CORPORATION, APPELLANT, V. STATE OF
NEBRASKA, DEPARTMENT OF ROADS AND IRRIGATION,
APPELLEE.

91 N. W. 2d 64

Filed July 3, 1958. No. 34382.

*Eugene D. O'Sullivan* and *Francis M. Casey,* for appellant.

*Clarence S. Beck,* Attorney General, and *Harold S. Salter,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

The action here was commenced by the State of Nebraska through its Department of Roads and Irrigation

by petition in the county court of Sarpy County, Nebraska, to condemn certain real property of the Twenty Club, a corporation, lying immediately to the east of U. S. Highway No. 73, which is a state highway. The property taken extends from the Platte River on the south northward about 3,640.3 feet. From the south line to the north for about 1,768 feet the width ranges from 42 feet to 42.7 feet. The land to the north for the next 1,407 feet ranges from 26.4 feet to 26.9 feet. The remaining distance to the north ranges from 26.4 feet to 117.2 feet. It comprises about 3.12 acres of land. About 1,768 feet of the land to be taken is south of a county highway which extends from U. S. Highway No. 73 eastward through the real property from which the strip of land is to be taken and about 1,872.3 feet of the strip is to the north of this county highway.

In the petition in the county court it was alleged that in the opinion of the State Engineer, in the interest of public safety and general welfare, it was necessary that the right of egress and ingress be limited to the locations thereinafter described. No means of egress or ingress was described but the petition stated: "There will be no right of access from the above described land (land to be taken by condemnation) on to the remaining property of the condemnee." The effect of this was to say, and concerning this there is no dispute, that the only means of ingress or egress is over the county highway which extends eastward through the property of the Twenty Club from U. S. Highway No. 73, and from the county highway north and south onto the Twenty Club property.

On the basis of the petition condemnation was had and as a result the Twenty Club was awarded damages in the amount of $2,636.

From the award the Twenty Club took an appeal to the district court for Sarpy County, Nebraska. In that court it became plaintiff and will be hereinafter so denominated. The State of Nebraska, Department of Roads

and Irrigation, became defendant and will be referred to hereinafter by that designation.

On perfection of the appeal the plaintiff filed a petition and later an amended petition. The action was presented to the court on the amended petition, hence no further attention to the original petition is required.

In the amended petition the plaintiff waived any objection to the taking of the property described in the condemnation proceedings and it in no wise objected to the proceedings or any formality involved therein, or to the legality or constitutionality of any statute or statutes pursuant to which the proceedings were instituted or controlled.

By the petition it asked for adequate compensation for property taken and for diminution of the value of the property which remained, which it said it had not been allowed by the condemnation award.

It was further substantially pleaded that the taking would deprive the club of the use of access which it had to the property for about 35 years to its irreparable damage and injury, the right to which access is guaranteed to it under the Constitution and laws of the State of Nebraska and of the United States of America. The prayer responded to the allegations of the petition. An answer was filed whereby there was a joinder of the issues tendered by the petition.

The case was tried to a jury. A verdict was returned in favor of the plaintiff and against the defendant for $2,740. Judgment was rendered on the verdict. By order of the court it was declared that the judgment should bear interest at the rate of 6 percent per annum from June 19, 1956. A motion for new trial was duly filed which was overruled. From the judgment and the order overruling the motion for new trial the plaintiff appealed.

The plaintiff has set forth in its brief as grounds for reversal four assignments of error. The first is divided into three parts. They are that the verdict and judgment are contrary to the law; that the verdict and judg-

ment are contrary to the evidence; and that the verdict and judgment are not sustained by the law and the evidence.

The answer to these propositions will effectually dispose of the third assignment by which it is asserted that the court erred in the admission of the testimony of a witness called by the defendant as to the damage sustained by the plaintiff.

On the trial the plaintiff called one witness who testified that the amount of the damage was $41,933.53. Three witnesses were called by the defendant as to damage. One, Clay Thomas, testified that the damage was $2,436; one, Hal Easton, $3,256; and a third, Lester Hauschild, $2,044. The basic qualifications of none of these witnesses to give testimony as to damage to property such as this has been attacked. The only attack as to Easton is that the amount fixed by him is too low. An attack as to Thomas is made on the ground that he related his testimony to 59 acres of land whereas the total acreage owned by plaintiff is 59 acres of deeded land and an additional amount of accretion bringing the total to about 120 acres.

It may be said that in fixing the amount of damage he did relate his testimony to the 59 acres, but in response to further questioning he in clear substance stated that in considering the entire acreage the damage would not be greater since there would be no damage additional to that to the 59 acres. This witness, as well as the other two called by the defendant, was shown to be competent to give testimony as to damage. The appropriate rule is: "In condemnation proceedings, where persons are shown to be familiar with the particular land in question, they may be permitted as witnesses to testify as to the value of the tract immediately before and immediately after the appropriation." Wahlgren v. Loup River Public Power Dist., 139 Neb. 489, 297 N. W. 833. See, also, Medelman v. Stanton-Pilger Drainage Dist., 155 Neb. 518, 52 N. W. 2d 328. The foundational requirements of

this rule as to all of these witnesses was met.

It is objected also that the testimony of the witness Hauschild was incompetent for the reason that he was one of the appraisers in the original condemnation proceeding in the county court. This contention is contrary to what this court has said on this subject. The fact that he was such an appraiser did not render his testimony as to damage incompetent. The rule in this respect is as follows: "Appraisers in condemnation proceedings may testify as any other witness when the proper foundation is laid, but in no event must evidence of the award of such appraisers be admissible as evidence to go to the jury." Pierce v. Platte Valley Public Power & Irr. Dist., 143 Neb. 898, 11 N. W. 2d 813. See, also, Langdon v. Loup River Public Power Dist., 142 Neb. 859, 8 N. W. 2d 201.

Thus the objection to the testimony of Hauschild inhering in the first assignment of error and that to which specific attention is called in the third assignment are disposed of unfavorably to the plaintiff.

Further referring to the first assignment of error the plaintiff in argument insists that the verdict is contrary to the weight of the evidence and therefore the verdict should be set aside. The true rule however is the following as it is correctly stated in plaintiff's proposition of law: "Where a verdict of a jury is clearly against the weight and reasonableness of the evidence it will be set aside and a new trial granted." See, Bentley v. Hoagland, 94 Neb. 442, 143 N. W. 465; Stewart v. City of Lincoln, 114 Neb. 362, 207 N. W. 511.

From an examination of the testimony of the witnesses, one for the plaintiff and three for the defendant, as to damages, and an examination of the testimony as to qualifications to give testimony, this court cannot with propriety say that the verdict is clearly against the weight and reasonableness of the evidence. The contention of the plaintiff in this respect must be rejected.

In the light of these observations it must be said that

the decision on all points presented by the first and third assignments of error are resolved against the plaintiff. By the second assignment of error the plaintiff asserts that "* * * the arbitrary limitation of access was a denial of appellant's constitutional rights." The determination upon this assignment requires a consideration of the facts relating to the condemnation and the consequences thereof as disclosed by the record.

Before any improvement or change was made, U. S. Highway No. 73 was for some miles north of the Twenty Club property south to the Platte River, which is the south boundary of the Twenty Club property, a two-lane paved highway with one lane for northbound and one for southbound traffic. A new design and plan was adopted for the construction of two new lanes for southbound traffic to the west with an unpaved area between the new and old paving of about 38 feet. The design called ultimately for the repaving of the old road. The old road before and after repaving was to be used for northbound traffic. The level of the elevations of the new road to the west and the old road when repaved was to be about 2.7 feet above the elevation of the old road. Pursuant to this plan the condemnation here took place and the new road to the west was constructed. Access which remained to the property of plaintiff was over the entrance onto the county road which has been mentioned which was about 20 feet in width and hard surfaced, thence onto its property. This county road extends eastward about three-fourths of the way across plaintiff's property and then leaves this property at the northeast corner. The plaintiff has buildings used for club and other purposes starting about 400 feet east of U. S. Highway No. 73 and to the north of the county highway. Prior to the condemnation, the plaintiff had an access road which entered its property from U. S. Highway No. 73 immediately to the north of the county highway and extended in a northeasterly direction to its facilities. It had been used for about 35 years. By the

condemnation this access was eliminated and thereafter in order to get onto the portion of its land north of the county highway and to the facilities it became necessary to enter upon the county highway and to turn off it to the left. To facilitate access for vehicles coming from the north a paved strip wide enough to contain vehicles and 80 feet in length was provided east of the east line of the new paving and immediately north of a passageway across the new and old paving and a 38-foot area between the old and the new into the county highway where its west end joined the east side or edge of U. S. Highway No. 73.

It is the accomplishment of the things which have been described and their effects that the plaintiff contends by the second assignment of error amount to a denial of its constitutional rights.

Whether or not arbitrary limitation of access in an appeal by a property owner from an award in a condemnation proceeding may be treated as a denial of constitutional rights does not require determination in this case. While it is true that the amended petition presented this as an issue, the issue was never presented by the theory on which the case was presented at or during the trial by motion, request for instructions, or otherwise. A fair examination of the record discloses that the theory on which the plaintiff presented the case was that the action was one for damages alone. Moreover, that this was the sole theory on which the case was presented appears in the opening statement of one of the attorneys for plaintiff which statement was preserved in the bill of exceptions. In that statement the attorney said: "* * * but we are conscious of the fact—and the Court will probably tell you—that the State has the right, since three years ago, to cut off your access road and give you another, but they have got to give you just compensation for doing it, if your road is established a long period of time."

It is not contended here that this statement may be

regarded as evidence or stipulation which may be resorted to for the purpose of determining the issues because it may not. Temple v. Cotton Transfer Co., 126 Neb. 287, 253 N. W. 349. It may be used however as an aid in determining the theory on which the case was presented. Bronnenkant v. Kucera, 141 Neb. 408, 3 N. W. 2d 913.

The plaintiff, having tried the case on the theory of damages alone in the district court, on this appeal is restricted to the theory on which the case was there tried. Kimball v. Lincoln Theatre Corp., 129 Neb. 446, 261 N. W. 842; Horbach v. Butler, 135 Neb. 394, 281 N. W. 804; Behle v. Loup River Public Power Dist., 138 Neb. 566, 293 N. W. 413; Bronnenkant v. Kucera, *supra.*

The legal merits contained in the second assignment of error are not properly before the court for consideration in this case.

The fourth assignment of error is an attack upon the third, seventh, and ninth instructions given by the court on its own motion. The attack on these instructions is collective rather than several. They are attacked on the ground that they imposed upon the plaintiff the burden of proving by a preponderance of the evidence its damages. It contends such a burden should not be imposed in an appeal from a condemnation award.

Up to and including Langdon v. Loup River Public Power Dist., *supra,* this question remained in doubt, but there can no longer be any doubt that one in the position of the plaintiff herein must carry the burden of proving his right to damages and the amount thereof by a preponderance of the evidence. The general rule is as follows: "The general rule is that the burden of showing the damages which the landowner or lessee will suffer rests upon him while the burden is on the condemner to show matters which tend to reduce or mitigate the damages." Platte Valley Public Power & Irr. Dist. v. Armstrong, 159 Neb. 609, 68 N. W. 2d 200. See, also,

Rath v. Sanitary District No. One, 156 Neb. 444, 56 N. W. 2d 741.

In the light of the conclusions reached as to the matters presented by the appeal herein the judgment of the district court is affirmed.

AFFIRMED.

CARTER, J., participating on briefs.