MIDWESTERN GAS TRANSMISSION COMPANY, Appellee, *v.*
JAMES H. MASON, *et al.,* Appellants.

*Opinion filed September 29, 1964.*

MASSEY, ANDERSON & GIBSON, of Paris, and WEBBER,
BALBACH & THIES, of Urbana, for appellants.

JAMES C. STANFIELD, of Paris, and WISE, MEYER,
YOUNG & WELSCH, of Danville, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an action to condemn the right by easement to
store natural gas in a strata underlying the 107-acre tract
of the defendants James H. and Alta Mason, together with
easements for a temporary well drill site, permanent well
drill site and permanent access road. Defendants filed a
traverse raising certain constitutional questions, and a cross

petition seeking damage to property not taken. The jury returned verdicts for damages by virtue of the surface and drill site easements totalling $131.60, and $5,741.14 for damage to the remaining land of the defendants exclusive of the easements taken. The only verdict questioned on this appeal reads: "We, the jury, find that the just compensation to which the defendants are entitled for the depreciation in value of the strata composed of the New Albany shale, the Devonian and Silurian systems of rock for the permanent easement for the underground storage of gas is no dollars." Judgment was entered on the verdicts and this appeal followed.

A house and outbuilding are located on the defendants' tract, the house being rented on a month-to-month basis. Sixteen acres are either in or susceptible to cultivation and the remainder is devoted mostly to grass. Wells are producing oil from a shallower horizon than the strata here in question. Underlying the surface of this and contiguous land, comprising approximately 3600 acres, is a dome known as the Elbridge gas storage area which plaintiff proposes to develop as a natural gas storage reservoir in the Devonian and Silurian limestone formations. These porous formations are approximately 1000 feet thick and are overlayed by the New Albany shale, the top of which is in excess of 1800 feet below the surface.

The Illinois Commerce Commission entered an order prior to this proceeding approving the development, operation and maintenance of a gas storage reservoir by plaintiff pursuant to the provisions of the Illinois Gas Storage Act. Ill. Rev. Stat. 1963, chap. 104, pars. 104-112.

Defendants complain that the commission's order granted a monopoly to plaintiff and thereby destroyed a potential market for the underground storage. They say this, coupled with the holding of *Peoples Gas Light and Coke Co.* v. *Buckles,* 24 Ill.2d 520, holding that unique value and adaptability of the strata for gas storage cannot

be considered, invalidates the Gas Storage Act as a violation of due process and the taking of property without compensation under section 13 of article II of our constitution. We understand their theory to be that failure of the gas storage act to provide for just compensation and its failure to provide a jury trial in connection with the Commission's proceedings renders the act unconstitutional.

While the charge of unconstitutionality was on different grounds in the *Buckles* case, it is inherent in that opinion that an exclusive right of eminent domain may, in some cases, be granted without violation of due process. It was pointed out that it would be futile to grant a certificate to more than one public utility since the usability as a storage reservoir rests upon a combination of a number of parcels.

The primary thrust of defendant's appeal is aimed at the measure of damages for the condemnation of a permanent easement for the underground storage of natural gas. Certain offers of proof by defendants were for the purpose of establishing the highest and best use of the property to be as a gas storage reservoir and to show the value to the condemnor. This subject was exhaustively treated in *Peoples Gas Light and Coke Co.* v. *Buckles,* 24 Ill.2d 520, and that opinion is decisive here. The proffered evidence to establish the highest and best use of the land to be a gas storage reservoir was held to be too remote and speculative, and the measure of damages for impression of the easement was held to be the difference in the fair cash market value of the property before and after imposition of the burden of the easement.

The proof established the highest and best use of the property to be for a suburban home site, stock farming and oil production. Plaintiff's witnesses Scott and Schneider, testified that in their respective opinions damages for surface facilities totalled less than $100 and that the rock strata was valueless. Their valuations of the entire tract as of the date of filing the petition were $15,360 and $18,200

respectively, and $13,965.11 and $17,130 respectively after the taking. Defendants' witnesses, Kime and Syrcle, were of the opinion that the value before the taking was $45,-135.46 and $42,000 respectively, and $27,728.86 and $23,-900 respectively, after the taking. Each stated that he was not in a position to fix a value of the easement on the rock strata.

Plaintiff stipulated in open court that defendants shall not be restricted in their use of the property from the surface to the top of the New Albany shale and below the Silurian limestone, that plaintiff would pay any additional cost to defendants occasioned by its drilling (presumably referring to added cost of drilling, mining or reducing to possession oil or other minerals by defendants,) and disclaimed any interest in any oil or other hydrocarbon substances that may be found or subsequently reduced to possession in the Devonian and Silurian limestones. This stipulation is binding on plaintiff and was competent to abridge the claim by the landowners for damages. *East Peoria Sanitary Dist.* v. *Toledo Peoria and Western Railroad,* 353 Ill. 296.

In summary, the offers of proof as to valuation of the land as a part of an underground gas storage reservoir were too remote and speculative and were properly excluded. The only competent evidence on value of the limestone structures was that they were valueless, and "just compensation" under section 13 of article II does not necessarily mean that some award must be made. See *Department of Public Works and Buildings* v. *Filkins,* 411 Ill. 304.

The record establishes the highest and best use of the property to be for residence, stock farming and oil production purposes. The jury viewed the premises, gave specific awards for damages by virtue of the surface easements (which are not in controversy,) and an award of damages to land not taken. The verdict was within the range of the testimony and was not clearly and palpably wrong. There

is neither contention nor proof that the verdict was the result of passion and prejudice. In such case we are not justified in disturbing the verdict of the jury. *Central Illinois Electric and Gas Co.* v. *Scully* 17 Ill.2d 348.

The judgment of the circuit court of Edgar County is affirmed.

*Judgment affirmed.*