ELMER E. MATHIS, APPELLANT, v. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

135 N. W. 2d 17

Filed May 7, 1965. No. 35805.

Carl D. Ganz and Flansburg, Mattson, Field, Ricketts & Sorensen, for appellant.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,

and Brower, JJ., and Pollock and Sidner, District Judges.

Pollock, District Judge.

This is an action instituted by the State of Nebraska as a proceeding in eminent domain to secure the control of outside advertising on farm land adjacent to an interstate highway, under section 39-1320, R. S. Supp., 1963.

The action was tried in the district court upon the theory that it was a proceeding to condemn a permanent easement, and no issue was raised in this court concerning the form of the proceeding or the nature of the right acquired by the State. We dispose of the case upon the same theory.

The appraisers awarded damages of $1,500 to Elmer E. Mathis, owner of the land. The State claimed that the award was excessive and appealed to the district court. There the condemnee was designated as plaintiff and the condemner as defendant, pursuant to section 76-717, R. S. Supp., 1963.

The plaintiff claimed that the land had an outdoor advertising rental value of $80 per year, and that the potential sign rental value capitalized at a normal rate of interest was $2,000. Plaintiff prayed to recover damages in that amount.

Upon trial to a jury, the parties stipulated that plaintiff had incurred abstract expense of the value of $75 as a result of the condemnation, and they agree that such expense is recoverable by plaintiff. § 76-710.01, R. S. Supp., 1963.

The plaintiff testified that on February 14, 1963, he entered into a written lease agreement with Stoner System, Inc., an outdoor advertising company. Actually, the instrument was an option for a lease wherein, in consideration of $1, he agreed to give the exclusive right to lease either of two undesignated sign sites for a rental

of $40 per site per year, for a period of 5 years, with renewal privileges for 5 more years.

No advertising signs were erected on plaintiff's land, and he received no sign rental income. He did not think that signs, if erected, would interfere with farming operations except he would "have to turn around six inches shorter." He said that the taking of control of outdoor advertising resulted in no inconvenience in farming his land or using his buildings.

Edwin McHugh, Murdock banker, testified that the income on a conservative investment was about 4 percent per annum.

Barry Ackerley, manager of Stoner System, Inc., testified that their signs were 10½ feet tall and 40 feet long, that they were erected on poles from 1 to 1½ feet in diameter, and that they were serviced about twice a year. He said a sign company rarely purchases land on which to erect signs, and that he knew of no company that ever purchased the perpetual right to control outdoor advertising. He said they would pay plaintiff no rental under their agreement unless they chose to erect signs on his land. He said the fair rental value of plaintiff's two sites "would be" $40 each per year, if signs were erected.

Homer Anderson, of Naegele Outdoor Advertising Company of Omaha, testified that sign companies ordinarily lease the sites on which they erect signs, and that he knew of no company that had ever purchased the perpetual right to control outdoor advertising.

At the close of plaintiff's evidence the defendant moved that the court direct the jury to return a verdict awarding plaintiff recovery of $75 for abstract expense and denying further recovery for the reason that there was no evidence to support a verdict for other damages. The motion was sustained, and the court directed a verdict accordingly. Plaintiff's motion for a new trial was overruled and he appeals to this court.

Primarily, the question for decision is whether upon

trial in the district court the evidence adduced on behalf of the plaintiff was sufficient proof of pecuniary damages to warrant submission to the jury of the issue of damages.

Appellant's brief refers to a case of similar nature, Fulmer v. State, *ante* p. 20, 131 N. W. 2d 657, on rehearing, *ante* p. 664, 134 N. W. 2d 798. The same attorneys represented the landowner in each case. Counsel candidly say that they tried the Fulmer case on the theory that the proper measure of damages was the difference between the value of the land before and after the taking. They report that the result was a "zero" verdict. Since that theory proved unrewarding, counsel have apparently decided to hitch their wagon to a different star, and they tried the instant case on a different theory.

Recovery is sought upon the theory that the proper measure of damages is the potential sign rental income, capitalized at a normal rate of interest. It is argued that the "usual before and after" theory is inapplicable because it is impossible to prove the value of the interest taken by the State.

For the purpose of decision thereon, we must treat the motion of the defendant for a directed verdict as an admission of all material and relevant evidence submitted on behalf of the plaintiff who is entitled to have the benefit of every inference that can reasonably be deduced from the evidence. Flory v. Holtz, 176 Neb. 531, 126 N. W. 2d 686.

Before a case is submitted to a jury, there is a preliminary question for the court to decide, if properly raised, not whether there is any evidence, but whether there is any evidence upon which a jury can properly award recovery to the party upon whom the burden of proof is imposed. Buick v. Stoehr, 172 Neb. 629, 111 N. W. 2d 391.

The burden of proof was upon the plaintiff landowner to prove the nature and amount of his pecuniary dam-

ages. Frank v. State, 176 Neb. 759, 127 N. W. 2d 300; Chaloupka v. State, 176 Neb. 746, 127 N. W. 2d 291; Pieper v. City of Scottsbluff, 176 Neb. 561, 126 N. W. 2d 865; Twenty Club v. State, 167 Neb. 37, 91 N. W. 2d 64.

The taking of control of outdoor advertising on land is compensable under Chapter 39, article 13, R. S. Supp., 1963, and entitles the owner to compensation for pecuniary damages.

The rule is well settled that the measure of damages for the taking of an easement is the difference in the fair and reasonable market value of the land before and after the taking, and not the separate value of the easement taken. The recent case of Fulmer v. State, *supra*, decided that this measure of damages is applicable in an action by the State to secure control of outside advertising.

Not only did the plaintiff fail to prove the amount of his damages, but he failed to prove that he suffered any pecuniary damage whatsoever.

There was no evidence that the land was worth any less after the taking than before. Its productivity was unaffected. No inconvenience resulted from the taking. It was not shown that the taking of the control of outdoor advertising would to the slightest degree influence an intending purchaser's estimate of the fair market value of the land.

There was never a sign on plaintiff's land, and no promise that one would ever be erected there. He received no sign rental income, and it was not shown with reasonable certainty that he would receive such income at any future time. Whether or not he would ever receive any sign rental income was very speculative and uncertain.

Where the record is barren of any evidence to prove actual damages from the taking of an easement, the question of damages should not be submitted to the jury, other than to direct the assessment of nominal

damages. Graceland Park Cemetery Co. v. City of Omaha, 173 Neb. 608, 114 N. W. 2d 29.

Nominal damages are those awarded, not as compensation for pecuniary loss, but in recognition of a legal wrong where there is no proof of actual damages. Stewart v. Spade Township, 157 Neb. 93, 58 N. W. 2d 841. In the absence of proof of actual damages, plaintiff may have been entitled to recover nominal damages, but at no stage of the proceedings has he asserted any right thereto, and no assignment of error relates to the question of nominal damages.

Compensation to a condemnee depends upon his pecuniary loss. It is the owner's loss, not the taker's gain, which is the measure of compensation for property taken. State v. Platte Valley P. P. & I. Dist., 147 Neb. 289, 23 N. W. 2d 300, 166 A. L. R. 1196.

If what a condemnee has given up has no value, an award of compensation is unnecessary. We quote from Department of Public Works & Buildings v. Filkins, 411 Ill. 304, 104 N. E. 2d 214: "The property owner is entitled to be compensated justly for what is given up to the State. If what he has given up is of no value, the making of an award would not be required in order that he be justly compensated."

In Midwestern Gas Transmission Co. v. Mason, 31 Ill. 2d 340, 201 N. E. 2d 379, the jury returned a verdict which included "no dollars" for a permanent easement for underground storage of gas. The court said: "In summary, the offers of proof as to valuation of the land as a part of an underground gas storage reservoir were too remote and speculative and were properly excluded. The only competent evidence on value of the limestone structures was that they were valueless, and 'just compensation' under section 13 of article II does not necessarily mean that some award must be made."

Plaintiff argues that the value before and after theory is not applicable, and cites Graceland Park Cemetery Co. v. City of Omaha, *supra*. The opinion states: "There

are types of property that are not bought and sold on an open market and consequently do not have a reasonable market value * * *. When the property is such that evidence of fair market value is not obtainable, necessarily some other formula for fixing the fair value of the property must be devised. * * * Whenever the property is of such character and nature that it has no fair market value in the ordinary sense, its value for the use and purpose for which it is being devoted and to which it is peculiarly adaptable may be shown."

The case is clearly distinguishable. Plaintiff makes no claim that farms are not bought and sold on the open market or that evidence of the fair market value of his farm land is not obtainable, and there is no evidence of its value for outdoor advertising purposes.

When the State takes control of outside advertising on land, the owner is not entitled to substantial compensation in the absence of proof of actual damage.

We conclude that the direction of the verdict by the trial court was correct.

AFFIRMED.

SPENCER, J., dissenting.

I dissent from the majority opinion for the reasons enumerated in the dissenting opinion filed in Fulmer v. State, *ante* p. 664, 134 N. W. 2d 798.

It is a useless gesture and no more than a mere exercise in sematics to say that taking control of outside advertising on land is compensable and then to apply a rule which permits a zero verdict. As I pointed out in the other dissent, this court is responsible for the rule of damages applied. If that rule does not effectuate the constitutional mandate, it should be changed. To hold otherwise is to condone legal confiscation in condemnation actions and to make a mockery of our constitutional provisions.