RAY WOLFE, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

137 N. W. 2d 721

Filed October 29, 1965. No. 35870.

Merrill R. Reller, Clarence A. Davis, and John McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., W. L. Strong, and James J. Duggan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is a proceeding by the State of Nebraska to secure control of outside advertising on land owned by Ray Wolfe which is adjacent to the Interstate Highway in Lancaster County, Nebraska. The action was instituted as a proceeding in eminent domain under section 39-1320, R. S. Supp., 1963, to secure a permanent easement for the control of advertising. In the district court the jury returned a verdict for the defendant, State of Nebraska. The plaintiff landowner's motion for new trial was overruled and he has appealed to this court.

In the district court the action was tried upon the theory that it was a proceeding by the State to condemn a permanent easement upon the land of the plaintiff. Neither party has raised any issue in this court concerning the form of the proceeding or the nature of the right acquired by the State in the proceeding. We dispose of the case on the mutual theory upon which it was tried in the district court.

The plaintiff's principal assignments of error relate

to the finding and judgment that the plaintiff is not entitled to damages for the taking of a permanent easement to control advertising adjacent to the highway. The plaintiff argues that the right to lease his land for advertising purposes is a valuable right and that a finding and judgment that he is not entitled to any damages for the destruction of this right cannot be sustained.

The plaintiff's theory in substance is that advertising rights, or an easement to control advertising adjacent to the highway, should be valued separately. The plaintiff produced evidence of value which was obtained by capitalizing an assumed income from an advertising lease. This is not the proper measure of damages for the taking of an easement.

The measure of damages for the taking of an easement is the difference in the reasonable market value of the property before and after the taking of the easement. Fulmer v. State, 178 Neb. 664, 134 N. W. 2d 798. The compensation due the landowner is to be determined by the difference in the value of the property before and after the taking and not by a method which separately values the easement or right that is taken.

In a particular case, the rule may result in a determination that the landowner is entitled to no compensation for the taking of an easement. Fulmer v. State, *supra*. There was evidence in this case that the value of the plaintiff's property was the same after the taking as it was before the taking. This evidence supports the verdict and judgment in this case. This court cannot determine, as a matter of law, that the taking of the easement depreciated the value of the plaintiff's property.

There was evidence to the effect that the plaintiff will incur abstracting expense as the result of the taking of the easement, but there was no evidence as to what that expense might amount to. In condemnation proceedings the burden of proof is upon the landowner to prove the nature and amount of his pecuniary damages. Mathis v. State, 178 Neb. 701, 135 N. W. 2d 17. Since

there was no evidence as to the amount of the pecuniary damage sustained by the plaintiff because of additional abstracting expense, there was no basis upon which the plaintiff could recover damages for the abstracting expense.

The plaintiff complains that in several of the instructions to the jury, the trial court stated that the jury should determine what damages "if any" the plaintiff had sustained. Similar instructions have been approved in other cases. See Frank v. State, 176 Neb. 759, 127 N. W. 2d 300. The instructions given in this case were proper because the evidence supports the finding that the plaintiff had not been damaged by the taking of the easement.

The plaintiff contends that the proceeding should have been dismissed because the defendant's offer to purchase made prior to instituting condemnation proceedings was not made in good faith. The statutory requirement that there be an attempt to agree with the owner prior to the institution of condemnation proceedings is satisfied by an offer made in good faith with a reasonable effort made to induce the owner to accept it. State v. Mahloch, 174 Neb. 190, 116 N. W. 2d 305. It is not necessary that extended negotiations transpire.

The evidence shows that Elsmer F. Villiers, a right-of-way agent of the defendant, contacted the plaintiff and explained to him that the State wanted to acquire an easement to control advertising adjacent to the highway. Villiers testified that he explained the easement and the rules and regulations of the Department of Roads to the plaintiff and offered the plaintiff $25 for the easement. The plaintiff replied that he would not sign a contract granting the easement for less than seven or eight thousand dollars. Villiers then told the plaintiff that if he did not accept the $25 offered, proceedings in condemnation would be instituted. A letter was then sent to the plaintiff confirming the offer of $25 for the easement and advising the plaintiff that the offer could

be accepted at any time prior to a hearing in the condemnation proceeding.

The evidence in this case shows a good-faith offer with a reasonable effort to induce the landowner to accept the offer. Although the amount offered was nominal, the amount was reasonable in view of the evidence concerning the damages sustained by the plaintiff. The evidence sustains the finding of the trial court that the defendant's offer was made in good faith.

Robert Walters, an expert witness for the defendant, was permitted to testify concerning comparable sales of other land which he used as the basis for his opinion as to the value of the plaintiff's land. This evidence was properly received. See State v. Mahloch, *supra.* The plaintiff's real complaint is directed at the testimony by this witness that the value of the land was the same after the taking of the easement as before. However, John W. Stahn, an expert witness for the plaintiff, admitted on cross-examination that the land had the same agricultural value after the taking as it did before, and would sell for the same price for farming purposes after the taking as it would have before the taking. There is no basis upon which the testimony of the witness Walters can be discredited as a matter of law.

There being no error, the judgment of the district court is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I dissent from the majority opinion for the reasons enumerated in the dissenting opinion filed in Fulmer v. State, 178 Neb. 664, 134 N. W. 2d 798, and for the further reason that I do not believe the State adequately met the statutory requirement that it make a good faith attempt to agree with the owner before starting the condemnation proceeding.