John J. ASH, J. A. Peterson and Henry Heuton, Plaintiffs-Appellants,

v.

NORTHERN ILLINOIS GAS COMPANY, Defendant-Appellee.

No. 15495.

United States Court of Appeals
Seventh Circuit.

June 3, 1966.

Philip C. Zimmerly, Zimmerly, Price & Johnson, Champaign, Ill., for plaintiffs-appellants.

Justin A. Stanley, Chicago, Ill., Charles R. Young, Danville, Ill., Robert A. Helman, James E. Knox, Jr., David L. Lange, Isham, Lincoln & Beale, Chicago, Ill., John P. Meyer, Wise, Meyer, Young & Welsch, Danville, Ill., for defendant-appellee.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

The plaintiffs-appellants, John J. Ash, J. A. Peterson and Henry Heuton, brought suit in the United States District Court against the defendant-appellee, Northern Illinois Gas Company, praying that the District Court declare the rights of the respective parties and issue orders for the protection of such rights.

The defendant, an Illinois public utility, was authorized by the Illinois Commerce Commission to develop an underground natural gas storage reservoir about 1200 feet below the surface and to resort to eminent domain proceedings to acquire certain gas storage easements in an area of about 5300 acres which included some 82 acres owned by the plaintiff John J. Ash.

Defendant's eminent domain case against Mr. Ash was tried in the Circuit Court of Kankakee County, Illinois. Judgment was entered on a jury verdict that the highest and best use of this land was for agricultural and residential purposes which would be diminished at the rate of $75 per acre by the defendant's easement for underground gas storage. The judgment has since been affirmed. Northern Illinois Gas Co. v. Weinrank, 1965, 66 Ill.App.2d 60, 213 N.E.2d 411, rehrg. den.

The other two plaintiffs allege that they own land within the ultimate area of development and that there is nothing to prevent the defendant from seeking similar authorization with respect to the land owned by them.

The complaint alleges that the state court erred in excluding evidence of adverse effects from leakage of gas above the storage easement.

The Illinois Appellate Court held (at page 73, 213 N.E.2d 411) that the refusal of the Trial Court to admit tendered evidence relating to the adverse effect of possible gas leakage was proper. The Commerce Commission proceedings had found that the formation would provide an impermeable caprock. The order issued by the Commerce Commission was affirmed in Canady v. Northern Illinois Gas Co., 43 Ill.App.2d 112, 193 N.E.2d 48. The trial court had heard evidence on this issue and had held that the substantial weight of the evidence supported a conclusion that there was no reasonable possibility of such gas leakage. The Illinois Appellate Court held that the record supported that conclusion. The Illinois Appellate Court noted (66 Ill.App. 2d at page 77, 213 N.E.2d 411) that if leakage did in fact occur in the future causing damage outside the easement area, nothing in the prior proceeding would preclude recovery for such damage if the action for recovery were otherwise on a sound basis authorizing recovery.

The plaintiffs contend that the trial court also erred in excluding evidence of the value of the land taken as part of an underground gas storage dome. It is alleged that because of the unique formation of the area it possesses a value greatly in excess of $10,000.

The Kankakee County Court judgment was originally appealed to the Supreme Court of Illinois, which transferred the matter to the Illinois Appellate Court. It was argued that exclusion of evidence of the special value of the land for gas storage purposes deprived the landowners of due process of law and violated the constitutional provision that private property shall not be taken for public use without just compensation. The Illinois Supreme Court stated that substantially the same issues were involved in Midwestern Gas Transmission Co. v. Mason, 31 Ill.2d 340, 201 N.E.2d 379, and Peoples Gas Light & Coke Co. v. Buckles, 24 Ill.2d 520, 182 N.E.2d 169, and that the constitutional issues were no longer fairly debatable.

The U. S. District Court sustained the defendant's motion to dismiss this action on the ground that the Court lacked jurisdiction of the subject matter and that the complaint failed to state a claim on which relief could be granted.

The plaintiffs assert that the Federal Court does have jurisdiction of this cause under Title 28 U.S.Code, §§ 1331 and 1343:

1331. Federal question; amount in controversy; costs

(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

\* \* \* \* \* \*

1343. Civil rights and elective franchise.

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

(3) To redress the deprivation, under color of any State law, statute,

ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; * * *

and under the Fifth and Fourteenth Amendments to the Constitution:

The Fifth Amendment to the Constitution provides in pertinent part:

No person shall * * * be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

The Fourteenth Amendment to the Constitution provides in pertinent part:

No State shall * * * deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

In effect, the plaintiffs are asking the District Court (under the guise of original jurisdiction under the quoted statutes) to exercise appellate jurisdiction of a state court eminent domain proceeding, which is beyond the jurisdiction of the District Court. Rooker v. Fidelity Trust Co., 1923, 263 U.S. 413, 415–416, 44 S.Ct. 149, 68 L.Ed. 362; Chance v. County Board, 7 Cir., 1964, 332 F.2d 971, 974.

With respect to the two plaintiffs, Messrs. Peterson and Heuton, the complaint seeks a declaratory judgment concerning evidentiary rulings which might possibly be made in eminent domain cases which have not been initiated and may never be initiated. This does not present a "case" or "controversy" appropriate for judicial determination. Aetna Life Insurance Company etc. v. Haworth, 1937, 300 U.S. 227, 240–241, 57 S.Ct. 461, 81 L.Ed. 617.

The District Court's Order must be affirmed.

Affirmed.