E–C TAPE SERVICE, INC. and David L. Heilman, Plaintiffs,

v.

The Honorable Michael J. BARRON, Circuit Judge, Milwaukee County, Wisconsin, Defendant.

No. 75–C–56.

United States District Court, E. D. Wisconsin.

July 9, 1976.

Robert S. Sosnay, Milwaukee, Wis., for plaintiffs.

Ronald L. Piette, Maurice J. McSweeney, Richard S. Florsheim, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought by E–C Tape Service, Inc., a corporation engaged in the manufacture and sale of sound recordings, and David L. Heilman, its president, which seeks declaratory and injunctive relief from a contempt order issued by the defendant, a State Circuit Court Judge. Based upon the facts which appear more fully below, the plaintiffs' amended complaint alleges that plaintiffs have been deprived of rights, privileges and immunities guaranteed to them by the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 8 of the United States Constitution. The jurisdiction of this court is purported to be invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1337, 2201 and 2281, with the claims for relief arising under 42 U.S.C. § 1983 and the various provisions of the United States Constitution set forth above. It is also alleged that the amount in controversy exceeds $10,000 exclusive of interest and costs. Plaintiffs have also re-

quested the convening of a three-judge court, pursuant to 28 U.S.C. § 2284 to hear and determine the cause. The defendant has moved the court, pursuant to Rule 12(b), Federal Rules of Civil Procedure, for an order dismissing this action on the grounds that this court lacks jurisdiction over the subject matter of this case, and that the amended complaint fails to state a claim upon which relief can be granted. For the reasons to be given, defendant's motion must be granted.

## I.

The essential facts underlying this action are not in dispute. Plaintiffs are "tape pirates," or duplicators as they prefer to be called. They purchase records or tapes originally manufactured by others, on the open market and then duplicate or copy the recordings on their own sound equipment. The duplicated recordings are then arranged into collections and offered for sale to the general public at prices lower than those charged for the original recordings.

In 1972 the nation's principal recording companies brought suit in the Wisconsin state courts to prevent Economic Consultants, Inc., d/b/a E–C Tape Service, Inc. ("E–C Tape"), and David L. Heilman ("Heilman") from pirating their recordings. E–C Tape and Heilman removed that action to this court. However, on the recording companies' motion to remand this court held that grounds sufficient to support federal jurisdiction were absent, and ordered the case returned to the state courts. After conducting evidentiary hearings, the state trial court granted E–C Tape's demurrer to the complaint. On June 17, 1974, the Wisconsin Supreme Court reversed the trial court, holding that the recording companies had stated a cause of action in unfair competition in its complaint. A petition for rehearing was denied without opinion on September 4, 1974.

Upon remand to the state trial court the recording companies caused to be served on E–C Tape an order to show why E–C Tape should not be restrained from, *inter alia,* advertising their duplicated tapes and records. On September 18, 1974, an injunction prohibiting such advertising without regard to location was issued with its effect stayed for 90 days. The record companies thereupon filed a petition for a writ of mandamus with the Wisconsin Supreme Court in an effort to obtain an immediate injunction, with E–C Tape responding by petitioning the State Supreme Court for an original writ setting aside the inchoate injunction as violative of the United States Constitution. On September 30, 1974, the Wisconsin Supreme Court denied E–C Tape's petition and ordered the trial court to make the petition effective immediately, and on October 3, 1974, the trial court issued a temporary injunction.

On December 9, 1974, the recording companies brought an order to show cause before the Honorable Michael J. Barron, the defendant herein, why E–C Tape and Heilman should not be held in civil contempt for violating the injunction on the grounds that E–C Tape and Heilman had advertised their products in Wisconsin by means of placing an ad in a magazine of national distribution. Judge Barron rejected E–C Tape's argument that the appearance of advertising alone in Wisconsin did not violate the injunction since the base of operations had been relocated outside the state, and scheduled a hearing on the contempt motion. On January 28, 1975, the Wisconsin Supreme Court rejected E–C Tape's petition for an order enjoining Judge Barron from holding the hearing.

On February 3, 1975, E–C Tape and Heilman commenced the instant action in federal district court and moved for an order restraining Judge Barron from proceeding. Eight days later, Judge Barron held the contempt hearing in question and, at the close of the recording companies' case granted a motion by E–C Tape for nonsuit and ordered that briefs be submitted on a similar motion by Heilman. Apparently content with Judge Barron's action, E–C Tape and Heilman withdrew their request for injunctive relief in the instant case. On October 16, 1975, Judge Barron reversed his position with respect to the motions for

nonsuit and held that the recording companies had established a prima facie case of contempt against both E–C Tape and Heilman. The alleged contemnors were given a chance to introduce evidence in their defense on November 12, 1975, and on January 26, 1976, Judge Barron issued a contempt order against E–C Tape and Heilman.

■ On January 30, 1976, an amended complaint was filed in this action seeking declaratory and injunctive relief from the contempt order and the underlying injunction on the grounds that so limiting E–C Tape's advertising infringes freedom of speech and of the press, impermissibly burdens interstate commerce, impairs the right of contract outside the borders of Wisconsin, denies E–C Tape and Heilman due process of law in that the terms of the injunction were ambiguous and imprecise, deprives the plaintiffs herein of their right to travel, and conflicts with federal copyright law in violation of the Constitution's supremacy clause. Defendant's motion to dismiss followed on March 1, 1976. Plaintiffs have not responded to the motion as of this date, and under the local rules of this court applicable to this litigation have waived their right to do so.[1]

## II

■ Defendant's motion to dismiss is initially supported by the argument that this court lacks jurisdiction to consider the cause since plaintiffs herein have asked this court to exercise what is essentially an appellate jurisdiction over orders issued by a state court. Conceptual problems are presented by the fact that plaintiffs' invitation to this court has taken the form of an original civil rights action brought pursuant to 42 U.S.C. § 1983.[2] Cf. *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). Nevertheless, the essence of the amended complaint in this matter is that the Circuit Court of Milwaukee County committed error of constitutional dimensions in the issuance of its contempt order and the underlying injunction. This court is, in effect, being asked to review the state Circuit Court's actions and correct the error. This a federal district court may not do.

■ It is well-established that "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 296, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970). The party adversely affected by the state court's decision may seek redress in the appellate courts of the state and, in an appropriate case, the United States Supreme Court. In *Rooker v. Fidelity Trust Company,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the plaintiff brought suit in a federal district court to have the judgment of an Indiana state court set aside on

---

**1.** Rule 6.01 of the Rules of the United States District Court for the Eastern District of Wisconsin, states in relevant part:

" * * *

Opposing party shall serve on movant and file with the court an answering brief and affidavits when necessary within 14 days from receipt of the motion and the movant may then serve and file a reply brief within 10 days from receipt of the answering brief. On a showing of good cause the court may extend the time for the filing of any brief. The failure of a party to file a timely answering brief or reply brief shall be deemed a waiver of the right to file it."

**2.** 42 U.S.C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Plaintiffs have relied on several other grounds to support this court's jurisdiction which the court finds to be totally inapplicable. Thus, this court's jurisdiction in this matter cannot rest on 28 U.S.C. § 1337 since the action does not arise "under any Act of Congress regulating commerce against restraints and monopolies." 28 U.S.C. § 2201 is not a jurisdictional statute, but merely creates a remedy in cases already within the federal jurisdiction. 28 U.S.C. § 2281 is also inapplicable since it likewise grants no jurisdiction to the federal courts and since plaintiffs are not challenging the constitutionality of a state statute.

the grounds that errors by the state court were made in deciding federal constitutional questions. In holding that the federal district court was without jurisdiction to entertain such an action, the Supreme Court stated:

"If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication. [citations omitted]. Under the legislation of Congress, no court of the United States other than this Court could entertain a proceeding to reverse or modify the judgment for errors of that character. Judicial Code, § 237, as amended September 6, 1916, c. 448, § 2, 39 Stat. 726. To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original. Judicial Code, § 24."

263 U.S. at 415–416, 44 S.Ct. at 150.

The holding in *Rooker* has been applied in this circuit and elsewhere to actions, such as the present case, which are brought under 42 U.S.C. § 1983. See, e. g., *Goss v. Illinois*, 312 F.2d 257 (7th Cir. 1963); *Ash v. Northern Illinois Gas Company*, 362 F.2d 148 (7th Cir. 1966); *Paul v. Dade County*, 419 F.2d 10 (5th Cir. 1969); *Anderson v. Lecon Properties, Inc.*, 457 F.2d 929 (8th Cir. 1972), cert. denied 409 U.S. 879, 92 S.Ct. 132, 34 L.Ed.2d 133 (1972).

■ It may, however, be argued that to characterize this action as appellate is inaccurate, when it is an original suit seeking redress for an alleged deprivation of civil rights by a person acting under color of state law, a suit which has been held to come within the exceptions to the so-called "anti-injunction act," 28 U.S.C. § 2283, in *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). Such an alter-

native characterization will not defeat defendant's motion to dismiss in this case since the amended complaint and other documents contained in the record reveal that plaintiffs fully participated in the state court proceedings outlined above and raised there the precise federal claims attempted to be raised here. Under such circumstances, principles of res judicata, applicable to civil rights actions, require dismissal of the action. *P. I. Enterprises, Inc. v. Cataldo*, 457 F.2d 1012, 1015 (1st Cir. 1972) ("A complaint under the Civil Rights Act does not provide the springboard for an unhappy state litigant to raise his federal claims *de novo* in federal court."); *Phillips v. Shannon*, 445 F.2d 460 (7th Cir. 1971); *Francisco Enterprises, Inc. v. Kirby*, 482 F.2d 481 (9th Cir. 1973); *Goodrich v. Supreme Court of the State of South Dakota*, 511 F.2d 316 (8th Cir. 1975).

IT IS THEREFORE ORDERED that defendant's motion for dismissal be and hereby is granted.