A. J. HAMILTON et al. v. JULIUS ICARD et al.

*Restraining Order—Injunction—Jurisdiction—Appeal, motion
to dismiss.*

1. A restraining order can be issued in any cause by any Judge of the
   Superior Court anywhere in the State, and made returnable at any
   time within twenty days, at any place, before a Judge residing in
   or assigned to or holding by exchange the Courts within the dis-
   trict in which the county where the cause is pending is situated.

2. A perpetual injunction can be granted only in the county where the
   cause is pending, and by the Judge who tries the cause at the final
   hearing.

3. The jurisdiction to grant an injunction till the hearing is restricted
   to the resident Judge of the district, or the Judge assigned thereto
   or holding by exchange the Courts of the district within which
   the county wherein the cause is pending is situated.

4. If the Judge before whom the order is made returnable fails to hear
   it, any Judge resident in or assigned to or holding by exchange
   the Courts of some adjoining district may hear it upon giving ten
   days' notice to the parties interested.

5. By stipulation in writing, duly signed by the parties or by their attor-
   neys, they may, under section 337, designate any other Judge
   than those indicated by section 336 of *The Code* to hear the appli-
   cation.

6. By the Act of 1885, chapter 180, section 8, a Judge assigned to a
   district is the Judge thereof for six months, beginning either
   January or July first, and where a restraining order was made
   returnable before such Judge at a place outside of the district,
   and after the Courts were over, but before the end of the term of
   assignment to the district, such Judge had jurisdiction to hear
   the application and grant the injunction until the hearing.

7. Failure to settle or furnish a case on appeal is not good ground for a
   motion to dismiss, but for motion to affirm, since there may be
   errors on the face of the record which the Court will inspect of
   its own motion, and which may entitle the appellant to a reversal.

8. No formal "case on appeal" is required on an appeal from an order
   granting an injunction until the hearing.

CIVIL ACTION, heard on application for an injunction before *Armfield, J.*, at Chambers at Statesville on December 20, 1892.

Action was brought in CALDWELL Superior Court (Tenth District); restraining order was issued by Bynum, J., the Judge resident in the Eighth District, on the 3d December, 1892, and made returnable at Statesville on the 20th December, 1892, before Armfield, J., who by assignment held the Courts of the Tenth District from July 1, 1892, to December 31, 1892.

At the hearing the defendants moved to dismiss the proceedings on the ground that while Judge Armfield was the proper Judge to hear the application for an injunction, he should have had the parties before him at some place within the Tenth District.

His Honor refused the motion to dismiss and granted the injunction till the hearing, and defendants appealed.

*Mr. Edmond Jones,* for plaintiff.
*Mr. Lawrence Wakefield,* for defendant.

CLARK, J.: The general jurisdiction of restraining orders and injunctions is vested in the Judges of the Superior Court. *The Code,* §335. In specifying which of these Judges has jurisdiction of any specified case it is provided that *any* of them may grant a restraining order. *The Code,* §334. This he may, of course, do in any cause and anywhere in the State. This is because a restraining order is granted of urgency upon *ex-parte* application usually, and cannot last more than twenty days. *The Code,* §346. Its object is to preserve matters *in statu quo* until, after notice, upon a hearing of both parties at a time and place designated in the order an injunction till the hearing may be refused or granted. The jurisdiction of the application for

an injunction till the hearing is specifically restricted by *The Code*, §336, to "the resident Judge of the district, or the Judge assigned to the district or holding by exchange the Courts of the district" (*The Code*, §336), or holding a special term in the county where the cause is pending. *Ibid*, §335.   It is further provided that if the Judge before whom the order is made returnable fails to hear it, it shall be competent for any Judge resident in, or assigned to, or holding by exchange the Courts of some adjoining district to hear it upon giving ten days' notice to the parties interested.   Under section 337, by stipulation in writing duly signed by the parties or their attorney, they may designate any other Judge than the ones indicated by section 336 to hear the application.   The above is a summary of the provisions of *The Code* as to the jurisdiction in such cases.   The granting of a perpetual injunction is vested, of course, in the Judge who tries the cause at the final hearing.

From the above summary it will be seen that while a restraining order, which can be granted by any Judge, can be issued anywhere in the State and a perpetual injunction must be granted only in the county where the cause is pending, since it can only issue upon the final trial of the action, as to injunctions to the hearing, while the law designates what Judges may grant them, there is no provision in the statute nor in the nature of the proceeding as to where the Judge shall be at such hearing.   The restraining order must be made returnable before one of the Judges above indicated, and name a time and place for such return, of course, but the selection of the place is left by legislation to the Judge who grants the restraining order, and the .time also, except that the latter cannot exceed more than twenty days.   The selection of the place of hearing is wisely left to the discretion of the Judge.   Often it

might be inconvenient to the parties or the Judge before whom the order is made returnable to designate a place in the district in which the cause is pending. Such discretion is not likely to be abused. If it should be, the Legislature can make it requisite to designate a place within the district. The statute does not now so provide. Usually the order is, in fact, made returnable at some point in the district, as the Judges to hear the application are either the resident Judge or the Judge holding Courts therein, and it is not usually the case that both of them are absent therefrom at the same time for a longer period than twenty days.

The case of *Galbreath* v. *Everett,* 84 N. C., 546, was decided prior to the Act of 1885. That act makes the Judge assigned to the district Judge thereof for six months, beginning either January 1st or July 1st. As he is still made one of the Judges before whom the application is returnable, the statute clearly did not contemplate he should always be in the district, especially at times when the Courts are not usually being held, as in the present case, December 20th.

In the present case there is no cause for a complaint, for the Judge hearing the application was also one of those designated by the statute to hear such application in case the Judge named in the order fails to hear it, to-wit, the Judge of an adjoining district.

In hearing the application in an adjoining district, at the place designated by the restraining order, there was no error. This is the only exception which comes up to us. But in this Court there is a motion to dismiss the appeal because there was no "case settled" on appeal, nor, indeed, any "case" tendered by appellant. This, in appeals where a "case" is necessary, is not ground for a motion to dismiss, but for a motion to affirm the judgment, since there may still be errors on the face of the record proper entitling the appellant to a reversal of the proceedings below. *Peebles*

v. *Braswell*, 107 N. C., 68; *Manufacturing Co.* v. *Simmons*, 97 N. C., 89.

But this being an appeal from the granting of an injunction till the hearing, no formal "case on appeal" is required. The correctness of the ruling in question is tested by the judgment appealed from, which is rendered solely upon the pleadings and affidavits filed in the cause. From the judgment in this case it appears that the defendant objected to the jurisdiction because of the place of hearing, which was in another district; the Court overruled the objection, and to such part of the judgment the defendant excepted and appealed.

PER CURIAM.                              No Error.