ALVIN ROYAL v. F. C. THORNTON ET AL.

(Filed 17 March, 1909.)

1. **Injunctions, Before Whom Returnable—Jurisdiction.**

   Section 814, Revisal, confers upon a judge holding a special term jurisdiction to grant a restraining order, returnable before himself, only in cases "which he may have jurisdiction to hear and determine under the commission issued to him": *Held,* that he has no jurisdiction to make a restraining order returnable before himself in a case wherein the summons is returnable to a regular term, beginning after the termination of the special term which he is commissioned to hold.  He has no jurisdiction to "hear and determine" such case.

2. **Same—Procedure.**

   A restraining order, improperly made by a judge holding a special term of court, returnable before himself, and by him continued to the hearing, will be reversed, without prejudice to the plaintiff's rights to apply to a judge having jurisdiction, upon the affidavits filed, or new ones, if so advised.

ACTION for injunction, heard by *J. S. Adams, J.,* at December (Special) Term, 1908, of SAMPSON.

The summons in this action was issued on 3 December, 1908, returnable to the February Term, 1909, of the Superior Court of Sampson. On 14 December, 1908, plaintiff filed an affidavit, upon which he made a motion for a restraining order. His Honor, *Judge J. S. Adams,* Judge of the Fifteenth Judicial District, holding a special term of the Superior Court of Sampson County in the Fifth Judicial District, for the trial of civil causes, made a restraining order to defendants to show cause before him on 21 December, 1908, at Clinton, in said county. Upon the return day the defendants resisted the continuance of the order, assigning, among other grounds, "That the order is irregular, because made returnable before his Honor, *J. S. Adams,* a judge holding a special term in Sampson County, in a case in which said judge has no jurisdiction to hear and determine, under the commission issued to him. No pleadings being filed, nor the summons, being yet returnable, there is no cause for trial, under his Honor's commission." His Honor continued the order, with permission to defendants to file bond, etc. Defendants excepted and appealed.

*Fowler & Crumpler* for plaintiff.
*A. McL. Graham* and *H. A. Grady* for defendants.

CONNOR, J. The statute (Revisal, sec. 814) provides that the judges of the Superior Court shall have jurisdiction to grant injunctions and issue restraining orders in all civil actions which are authorized by law, provided that a judge holding a special term in any county may grant an injunction or issue a restraining order, returnable before himself, in any case which he may have jurisdiction to hear and determine, under the commission issued to him, and the same shall be returnable as directed by the judge in the order. The only question presented, therefore, is whether *Judge Adams* had, by virtue of his commission to hold the special term of Sampson County, beginning 14 December, 1908, for the trial of civil causes, jurisdiction "to hear and determine" this case. Under the Code of Civil Procedure, defendant was not called upon to answer the complaint until the

last day of the February Term, 1909. How, then, could *Judge Adams* "hear and determine" the case? The Legislature having thus limited his jurisdiction to make restraining orders return-able before himself in Sampson County, we have no power to extend the jurisdiction. He had the right to make the original order, but it should have been returnable before the resident judge of the district or the judge holding the courts of the district, either by assignment or exchange. Revisal, sec. 815; *Hamilton v. Icard,* 112 N. C., 589. There was error in making the order returnable before himself. The order continuing the injunction will be reversed, without prejudice to the plaintiff to apply to the judge having jurisdiction for a restraining order, upon the affidavit filed, or a new one, as he may be advised. Of course, by consent, any judge may grant and continue restraining orders. There is

Error.