CITY OF REIDSVILLE, A MUNICIPAL CORPORATION, v. T. HOWARD SLADE, ANNIE I. SLADE, AND W. J. DONOVAN.

(Filed 1 March, 1944.)

1. Judges § 2a: Courts § 3: Injunctions § 11—

A Superior Court judge assigned to a district has, during the period of assignment, jurisdiction of all "in Chambers" matters arising in the district, including restraining orders and injunctions, G. S., 1-493, and he may, in an adjoining district, vacate or modify a temporary injunction issued without notice. G. S., 1-498.

2. Appeal and Error § 4—

Denial of defendant's right to appeal to this Court is moot after the appeal is here.

3. Injunctions § 2—

Where there is a full, complete and adequate remedy at law, the equitable remedy of injunction will not lie. This rule applies to condemnation proceedings.

4. Injunctions § 10—

If an application for an injunction is made upon affidavits on the part of the defendant, the plaintiff may oppose the same by using an affidavit filed in another cause. G. S., 1-499.

5. Municipal Corporations §§ 8, 30: Taxation § 5—

The construction, maintenance and operation of an airport by a city is a public purpose for which funds may be provided by taxation, when approved by a vote of the majority of the qualified voters in accordance with the Constitution. Art. VII, sec. 7.

APPEAL by defendants from *Sink, J.,* at Chambers in Greensboro, 27 December, 1943. From ROCKINGHAM.

Civil action instituted under the laws of North Carolina, including the charter of City of Reidsville, with reference to eminent domain, to condemn land for a municipal airport—heard upon motion of petitioner to dissolve temporary restraining order issued without notice at instance of defendants.

Petitioner in petition filed alleges: That on 8 June, 1942, the City Council of the City of Reidsville, finding it necessary and in the interest of the public to establish and maintain a municipal airport, passed an ordinance determining that it is necessary to acquire land suitable for the purpose, and authorizing the issuance of bonds pursuant to the Municipal Finance Act of 1921, as amended, to provide funds with which to build an airport; that on 21 July, 1942, at a special election duly called and held, a majority of the voters qualified to vote at said election approved said bond ordinance; that the petitioner has found it necessary to estab-

lish a portion of said airport on lands located about three miles south-east of the City of Reidsville, in Reidsville Township, Rockingham County, and specifically described, belonging to defendants Slade, as brother and sister, and on which defendant Donovan is a tenant; and that petitioner has been unable to acquire title to said lands for reason that defendants have refused to sell same to petitioner at any price, or have named a price so exorbitant that it amounts to an outright refusal to sell. Upon these allegations petitioner prays that an order be made condemning the lands for the said purpose, that commissioners be appointed to go upon the lands and appraise the same and make report to the court according to law.

Defendants, answering the petition, admit the passage of the ordinance by City Council of City of Reidsville, the holding of a special election on 21 July, 1942, and the ownership and interest of defendants in and to the lands described, but deny all other material allegations. And for a further defense defendants aver: That the lands which petitioner seeks to acquire are valuable and indispensable parts of an entire tract, the taking of which would greatly and irreparably impair and damage the remaining portion, etc.; that erected upon said lands are certain dwelling houses, yards, kitchens, gardens, tobacco barns, pack houses, and other buildings and structures which are now occupied and in use; that the condemnation of said lands with improvements thereon would be in violation of the laws and of the Constitution of North Carolina; that the establishment, maintenance and operation of said proposed airport is not for a public purpose and is violative of Art. V, sec. 3, of the Constitution of North Carolina; that the "Act to amend ch. 168 of the Private Laws of 1935 relating to the charter of the City of Reidsville" passed at the 1943 session of the General Assembly, ch. 186, in amendment to ch. 168 of Private Laws 1935, as amended by adding sec. 1½, which reads as follows:

"Sec. 1½. That the said City of Reidsville, by and through its city council or governing body, shall have full power and authority to condemn, appropriate and use any land or lands, including dwelling houses, yards, kitchens, gardens, burial grounds and any and all other lands, either within or without the city limits of said City of Reidsville, provided said lands are located in Rockingham County, for the purpose of establishing, maintaining and operating airports, hangars, tool shops, work shops and any and all other buildings and appurtenances thereto," is in contravention and in violation of Art. II, sec. 29, of the Constitution of North Carolina, and is, therefore, void; that the petitioner is without authority under the Constitution and laws of North Carolina and under its charter to institute this condemnation proceeding or to condemn any of the lands of the defendants; and that the taking of the

property of defendants would be in violation of the due process clause of Art. I, sec. 17, of the Constitution of North Carolina, and of the 14th Amendment to the Constitution of the United States.

After the answer was filed petitioner was upon motion permitted to amend the original petition so as to include therein certain described lands in substitution for the second tract described in the petition, to which amendment defendants answered setting up in material respects the averments contained in the answer to the original petition.

Defendants, also by permission of the court, filed an amendment to their further answer by adding averments summarily stated as follows: That certain public roads which are under the control of the State Highway and Public Works Commission and in public use lie within the boundaries of the proposed municipal airport, and the petitioner proposes to take over, use, occupy and appropriate same in such way and manner as will interfere with the use thereof by these defendants and other property owners, taxpayers and citizens of Rockingham County, and will deprive them of their rights and interests in and to such public highways; that the petitioner is without power and authority to purchase or to acquire by condemnation proceedings or otherwise a fee or easement in and to said public highways for municipal airport, and the State Highway and Public Works Commission is without power and authority to transfer, sell, release or liquidate its easement in and to said public highways to City of Reidsville for municipal airport purposes and any attempt to do so is void; that the Commission has made no contract or agreement with the City of Reidsville to transfer, sell, release or liquidate its easement and rights in and to said public highways; that if the Commission should agree to sell, transfer, release or liquidate its easement and rights in and to said public highways, the carrying out of the plan set up for the municipal airport would entail enormous cost and expenditure of many thousands of the $100,000 municipal airport fund referred to in the special election held on 21 July, 1942, to pay for said public highways and for the laying out of new highways which would be required to take the place of existing highways, which expenditure would not be for a public purpose and would cause damage to defendants and other taxpayers of Rockingham County; and that the plan and setup in the acts of petitioner are wrongful, unlawful, unconstitutional and violative of the property rights of the defendants and of the general public and of the many property owners who abut on said highways who have rights and interest therein and thereto.

Thereafter, defendants, without notice to petitioner, moved before Carr, regular judge of the Tenth Judicial District, at Burlington, N. C., for an injunction restraining petitioner from proceeding further with the condemnation of lands of defendants. This motion, in the form of a

petition, (a) incorporated as a part of it the pleadings in this action, (b) amplified the averments theretofore made in defendants' answer, and amendment to answer, and (c) further averred: That upon the demand of the City of Reidsville, and over the protest of the defendants, the clerk of Superior Court of Rockingham County has set the proceeding instituted by the City of Reidsville for the condemnation of lands of defendants for hearing before him on 20 December, 1943, at Wentworth, N. C., at which time defendants are advised and believe that the clerk will appoint appraisers and otherwise proceed with the condemnation of the property of defendants as prayed for in the petition of City of Reidsville, and if the City be allowed to proceed in said cause, these defendants will be deprived of their property and of said public highways contrary to law, and these defendants will thereby suffer irreparable damage.

Upon this motion of defendants, and without notice to petitioner, an order was signed at Burlington, N. C., by Carr, J., as aforesaid on 17 December, 1943, restraining temporarily petitioner, its agents, servants, employees, and attorneys from proceeding further in the condemnation proceeding, until further orders of the court, and directing petitioner to appear on 4 January, 1944, before Clement, regular judge, assigned to hold the courts of the Twenty-first Judicial District, beginning 1 January, 1944, at the courthouse in Danbury, Stokes County, and show cause why said restraining order should not be made permanent.

Thereupon, petitioner, City of Reidsville, moved before Sink, J., at Greensboro, N. C., on 20 December, 1943, for order to dissolve the restraining order of Carr, J., for that said restraining order was signed without notice to petitioner, and for that the motion and petition upon which it was granted are not sufficient to warrant the order for these reasons: (a) They do not state grounds for equitable relief, and are insufficient as matter of law to warrant the order.  (b) His Honor, Carr, J., who granted the restraining order, was not the resident judge nor was he the judge holding the courts of the Twenty-first Judicial District in which this proceeding is pending, and was not familiar with the litigation.  (c) All the matters set out in the motion and petition have heretofore been submitted to Superior Court for decision in a suit brought at instance of these and other defendants like situated in the name of certain taxpayers of the City of Reidsville, to wit: the case of J. H. Turner, et al., v. City of Reidsville, which suit has been determined by the judge of Superior Court adversely to contentions of defendant in its motion and the case is now on appeal to Supreme Court of North Carolina.  (d) It is assumed what the judgment of the clerk will be.  And (e) the matters and things alleged in the motion and petition, if competent and true, would be matters for the clerk to consider in passing upon the

merits of the case and they have been set up as a defense to this action and are not grounds for injunction.

Thereupon Sink, J., on 20 December, 1943, at his residence in Greensboro, N. C., issued an order to defendants and their counsel of record, to appear before him, the judge holding the courts of the Twenty-first Judicial District, on 24 December, 1943, at 10 o'clock a.m., at the courthouse in Greensboro, N. C., if they wish to be heard, at which time counsel for petitioner would make a motion to dissolve the restraining order theretofore issued in the cause by Carr, J., and at the time and place named, all the parties were present through counsel.

Defendants then and there entered a special appearance and excepted to the motion of petitioner, and to order to show cause signed by Sink, J., and moved that said order be set aside and vacated and the motion of petitioner be dismissed for that Sink, J., "was and is without jurisdiction in said cause." In support of this motion defendants offered, and there were received in evidence letters to counsel for defendants, (a) from Clement, J., advising that he was in Forsyth County during the week of 19 December, and had been since 15 December, 1943, and (b) from Carr, J., advising that he was at his home in Burlington all day on Monday, 20 December, and was available if anyone had desired to contact him. The motions of defendants were denied. They objected and excepted and in open court gave notice of appeal to Supreme Court. Further notice waived. Exception 1. Defendants then moved the court to fix amount of appeal bond. Motion was denied—the court being of opinion "that the denial of the special appearance was and is an interlocutory order and not such an order as would permit an appeal at this stage of the proceeding." Exception 2. Thereupon, the court said: "Let the record disclose that no motion to continue the proceeding is made, and the court directs that the hearing proceed. Defendants object and except and in open court give notice of appeal to Supreme Court. Further notice waived." Exception 3.

Thereupon, petitioners offered in evidence (1) a statement of the clerk of Superior Court of Rockingham County setting out in detail and in chronological order the proceedings in this and other special proceedings, eight in all, brought by the City of Reidsville to condemn land for a municipal airport, (2) the original petition filed by the City in this proceeding to be used as an affidavit, and (3) the further answer of the City of Reidsville filed in the taxpayers' suit entitled J. H. Turner *et al.* *v.* City of Reidsville *et al.,* to be used as an affidavit. Exception 4.

For defendants, it was agreed that they ask that their petition in the cause be considered as an affidavit.

Thereupon, the court ruled (1) that, upon consideration of all the facts as disclosed by the record, defendants, movents in the causes there-

tofore instituted against them by the City of Reidsville, designated as condemnation suits, have elected by their respective motions to defend said actions in a court of equity, when the proper course of procedure of North Carolina is by answer in each of the individual original causes; Exception 5; and (2) "that the cause set out in the petition of the municipality of Reidsville with respect to the airport is a necessity, and that the public demands for transportation by air is conditioned upon preparation of airport before this advanced means of transportation can be made available." Exception 6.

The court then directed that the parties prepare and submit to the court such proposed findings of facts and conclusions of law as they deemed proper, in order that the necessary exceptions and records may be noted thereon. Pursuant thereto, on 27 December, 1943, defendants requested thirteen findings of fact and twelve conclusions of law, each of which was denied, with exception of the first finding of fact in whole, and the eleventh in part. To each adverse ruling defendants except. Exceptions 7 to 29, both inclusive.

Thereafter, on 27 December, 1943, Sink, holding the courts of the Twenty-first Judicial District at Chambers in Greensboro, ruling as a matter of law (a) that the defendants are not entitled to equitable relief, but that they have an adequate remedy at law, and (b) that their proper course is to make and set up their defense, as they have done, by answer to the petition in the cause which is an action by the municipality to condemn land under its power of eminent domain, and finding as a fact that defendants will suffer no irreparable loss if the restraining order heretofore issued be dissolved, adjudged that the restraining order issued herein by Carr, J., on 17 December, 1943, be and the same is dissolved. Exception 30. Defendants appealed therefrom to Supreme Court, and further moved the court to continue the restraining order in full force and effect until said appeal has been finally disposed of. Thereupon the court ordered a modification of the restraining order—limiting petitioner in proceeding only with regard to the actual taking of possession pending the appeal; and further ordered that the modified restraining order be continued only upon condition (1) that defendants shall file on or before 30 December, 1943, with clerk of Superior Court of Rockingham County, entitled as in this cause, a bond in sum of $1,000.00 with sufficient sureties to be approved by the clerk and conditioned as required by C. S., 858 (a), and (2) that said appeal shall be docketed in the Supreme Court of North Carolina on or before 15 January, 1944, and that upon the failure of defendants to do either, the restraining order shall be dissolved entirely.

Defendants appeal to Supreme Court and assign error.

*Susie Sharp and P. W. Glidewell, Jr., for petitioner, appellee.*
*W. R. Dalton and C. L. Shuping for defendants, appellants.*

WINBORNE, J.  Careful consideration of the five questions involved on this appeal, as stated in brief of defendants, appellants, fails to disclose error for which the judgment below may be disturbed.

1. At the outset defendants contend that Sink, J., was without jurisdiction, at the time he acted, to vacate or modify the temporary injunction made by Carr, J.  If an injunction be granted without notice, as in this case, it is provided by statute, G. S., 1-498, formerly C. S., 856, that the defendant, that is, the party enjoined, "at any time before the trial, may apply, upon notice to be fixed by court of not less than two nor more than ten days, to the judge having jurisdiction, to vacate or modify the same, if he is within the district or in an adjoining district, but if out of the district and not in an adjoining district, then before any judge who is at the time in the district, and if there is no judge in the district, before any judge in an adjoining district."  Concededly, Sink, the regular judge of the Superior Court resident of the Twelfth Judicial District, was not in the Twenty-first Judicial District in which this action is pending at the time he signed the orders in question, but he was at that time the judge regularly assigned, under the rotation system in this State, to hold the courts of the Twenty-first District, and he was in an adjoining district.  Was he then under these facts "the judge having jurisdiction"?  We so hold.

Under the statute relating to rotation of judges, G. S., 7-74, formerly C. S., 1446, a judge assigned to a district is the judge therefor for six months beginning 1 January and July as the case may be.  *Hamilton v. Icard,* 112 N. C., 589, 17 S. E., 519.  Within the period of such assignment the judge so assigned to a district has jurisdiction of all "in Chambers" matters arising in the district.  See *Shepard v. Leonard,* 223 N. C., 110, 25 S. E. (2d), 445.  Moreover, "the judge assigned to the district" is specifically designated by statute as one of the judges to whom all restraining orders and injunctions shall be made returnable.  G. S., 1-494, formerly C. S., 852.  Further, in applying the statute this Court held in the case of *Hamilton v. Icard, supra,* that where a restraining order was made returnable before a judge assigned to the district at a place outside of the district and after the courts were over, but before the end of the term of the assignment, such judge had jurisdiction to hear the application and to grant injunction until the hearing.  It is clear, therefore, that Sink, J., was a judge having jurisdiction to vacate or modify the temporary injunction which had been issued without notice.

2. It is contended that Sink, J., for lack of jurisdiction, erred in denying to defendants right of appeal to Supreme Court from his order

of 24 December, 1943, overruling their motion (a) to set aside and vacate his order of 20 December, 1943, and (b) to dismiss motion of plaintiff to dissolve the restraining order of Carr, J. The appeal is here, and the challenge is considered in this Court. Hence, the question is now moot. Nevertheless, upon the facts of record no error appears. See G. S., 40-19, formerly C. S., 1723; Rev., 2587; Code, 1946; and compare *R. R. v. Newton,* 133 N. C., 132, 45 S. E., 549.

3. It is stated that assignment of error No. 5 is involved in this question. This assignment relates to the ruling of the court that the defendants in this, and the other condemnation suits, have elected by their respective motions to defend the actions in a court of equity, when the proper course of procedure in the courts of this State is by answer in each of the individual original actions. The ruling is no more than holding that the defendants have an adequate remedy at law, and that where there is a full, complete and adequate remedy at law, the equitable remedy of injunction will not lie. *Whitford v. Bank,* 207 N. C., 229, 176 S. E., 740. Moreover, injunction will not lie against the prosecution of condemnation proceeding when the matter relied upon as a ground therefor may be urged as a defense in the proceeding. See Annotations 133 A. L. R., 11, at pages 104 and 109, where authorities, including North Carolina cases, are assembled. Compare *Retreat Asso. v. Development Co.,* 183 N. C., 43, 110 S. E., 524.

4. This is a question: Did the court err in holding that said airport is a necessity? The word "necessity" is not used in the sense of "necessary expenses" to which Article VII, section 7, of the Constitution of North Carolina relates, but in the sense that the airport in question is necessary to meet the public demand for transportation by air, which is "conditioned upon preparation of airport before the advanced means of transportation can be made available." The contention that the finding of the city council that the airport is necessary is a manifest abuse of discretion, since the City of Reidsville is already provided with every necessary means required for public convenience and necessity of the traveling public and for the transportation of commerce, and since there are no public airplanes operating in and out of Reidsville, is similar to that made in the taxpayers' suit, *Turner v. Reidsville, ante,* 42. There the court, disposing of it, holds that the construction, maintenance and operation of the airport in question here is for a public purpose to which with approval of a majority of the qualified voters which has been duly given public funds may be provided and used. Further elaboration would be repetitious.

5. The last question: Did the court err in dissolving the restraining order? Defendants contend that serious questions of fact substantially affecting their right to injunctive relief raised in their "petition and

REIDSVILLE *v.* SLADE.

motion" for restraining order are only denied by petitioner, if at all, through its further answer in the taxpayers' suit which, over objection, the court permitted to be filed as an affidavit, and that this should be excluded as incompetent. In this connection it is sufficient to refer to the statute, G. S., 1-499, formerly C. S., 857, which provides that if the application for injunction is made upon affidavits on the part of the defendant, the plaintiff may oppose the same by affidavits or other proof.

Also defendants contend that these additional grounds, as alleged, entitle them to a restraining order: (a) That the airport cannot be constructed for $100,000, hence the expenditure of that sum would be a waste of public funds; (b) that the airport is not for a public purpose; (c) that the tax sought to be levied for bonds and maintenance of the airport would be violation of Article V, section 3, of the Constitution of North Carolina that "taxes shall be levied only for public purposes"; and (d) that the taking of the property of defendants would be violative of the 14th Amendment to the Constitution of the United States. In *Turner v. Reidsville, ante,* 42, each of these is treated and decided adversely to contentions here made. Further discussion is unnecessary.

Defendants further contend that the taking of their property would be violative of Article I, section 17, of the Constitution of North Carolina, which provides that "no person ought to be . . . in any manner deprived of his . . . property, but by the law of the land." However, in the brief filed no argument is advanced as to wherein this provision of the Constitution is violated.

It is further contended that the City has failed to negotiate with defendants for purchase of property sought to be condemned. It is noted, however, that the petition contains allegation as to its inability to acquire the title, to which the answer enters denial. This presents a question of fact for decision by the clerk, whose ruling is subject to review at the proper time by the judge on appeal. See *Power Co. v. Moses,* 191 N. C., 744, 133 S. E., 5, and cases cited.

Lastly, the contention that as a part of the airport the city proposes to appropriate public highways, thereby depriving defendants of the use of them in connection with unappropriated lands. Even so, while this might be an element of damage, it is not cause for preventing a public project, such as the airport here involved is held to be.

Thus, after full consideration of all questions presented, and arguments advanced, and authorities cited by appellants, the judgment below is

Affirmed.