WILBUR SUHR ET AL., APPELLEES AND CROSS-APPELLANTS,
v. CITY OF SEWARD, NEBRASKA, FOR AND ON BEHALF
OF THE SEWARD AIRPORT AUTHORITY,
APPELLANT AND CROSS-APPELLEE.

266 N. W. 2d 190

Filed May 24, 1978. No. 41519.

Thomas E. Johnson and Kirk S. Blecha of Baird, Holm, McEachen, Pedersen, Hamann & Haggart, for appellant.

Blevens, Blevens & Jacobs, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

The plaintiffs are the owners of the west half of Section 32, Township 11 North, Range 3 East of the 6th P.M., in Seward County, Nebraska. This proceeding was commenced in 1974 by the defendant, City of Seward, to condemn a clear zone easement over a 2.32 acre tract in the southeast corner of the plaintiffs' property for airport purposes. The appraisers appointed by the county court awarded

damages in the amount of $696. From this award the plaintiffs appealed to the District Court.

In their petition on appeal the plaintiffs alleged that there had not been good faith negotiations between the parties as required by sections 76-702 and 76-704, R. R. S. 1943. This issue was tried to a jury which returned a verdict for the plaintiffs. The trial court then dismissed the action. The defendant has appealed and the plaintiffs have cross-appealed.

The burden is upon the condemner to allege and prove that before commencing condemnation proceedings a good faith attempt was made to agree with the owner of the land as to the damages the owner was entitled to receive. Higgins v. Loup River P. P. Dist., 159 Neb. 549, 68 N. W. 2d 170. This requirement is in the nature of a condition precedent to the right to condemn. Dzur v. Northern Indiana Public Service Co., 257 Ind. 674, 278 N. E. 2d 563; Board of County Commissioners v. Highland Mobile Home Park, Inc. (Colo. App.), 543 P. 2d 103. The requirement is satisfied by proof of an offer made in good faith with a reasonable effort to induce the owner to accept it.

If there is an issue between the parties as to whether good faith negotiations took place before condemnation proceedings were begun, the issue should be tried to the court and determined as a preliminary matter before proceeding to trial on the matter of damages. See, Lieberman v. Chicago & S. S. R. T. R. R. Co., 141 Ill. 140, 30 N. E. 544; State v. Bair, 83 Idaho 475, 365 P. 2d 216; Dzur v. Northern Indiana Public Service Co., *supra;* City of Reidsville v. Slade, 224 N. C. 48, 29 S. E. 2d 215; Charles v. Big Sandy & C. R. R. Co., 142 Va. 512, 129 S. E. 384; Board of County Commissioners v. Highland Mobile Home Park, Inc., *supra.*

The record in this case shows that the defendant employed two appraisers who estimated the plaintiffs' damages at $1,200 and $1,600. The defendant

then employed a review appraiser, who was an employee of the Nebraska Department of Roads. This appraiser believed that the other appraisals were too high and estimated the damages at $500. The defendant then employed a negotiator, Randy Needham, who was also an employee of the Department of Roads. Needham contacted Mr. Suhr and presented a written offer of $500 for the easement. Suhr made a statement to the effect the offer was inadequate. Needham asked Suhr to consider the offer which had been made and stated that any counteroffer Suhr might wish to make would be considered.

After the initial contact, Needham called Suhr one or more times and asked whether the plaintiffs had arrived at a decision regarding the defendant's offer. Suhr stated that the plaintiffs had not reached a decision. The plaintiffs made no counteroffer and raised no question concerning the easement or its legal description.

The plaintiffs then consulted a lawyer who wrote to the defendant on August 23, 1974, stating that the airport project was in violation of the Seward County zoning ordinance and that the plaintiffs "cannot and will not negotiate" until the ordinance and comprehensive development plan was amended. This contention was determined adversely to the plaintiffs in Seward County Board of Commissioners v. City of Seward, 196 Neb. 266, 242 N. W. 2d 849.

The letter of August 23, 1974, to the defendant excused the defendant from any further attempt to negotiate with the plaintiffs. See, Wolfe v. State, 179 Neb. 189, 137 N. W. 2d 721; State v. Bair, *supra;* Stanpark Realty Corp. v. City of Norfolk, 199 Va. 716, 101 S. E. 2d 527; Town of Darien v. Kavookjian, 151 Conn. 659, 202 A. 2d 147; County Board of School Trustees of Du Page County v. Boram, 26 Ill. 2d 167, 186 N. E. 2d 275; Red Springs City Board of Education v. McMillan, 250 N. C. 485, 108 S. E. 2d 895.

The only remaining question is whether the offer

which the defendant made was so inadequate that it would support a finding that it had not been made in good faith. In their amended petition on appeal the plaintiffs alleged that their damages amounted to $120,000. However, the expert witnesses called by the plaintiffs at the trial testified the damages were only $13,006 and $13,762.

In determining the question of whether a good faith offer was made, the nature of the easement sought and the use of the land are important factors. The land was agricultural in nature and was being used for row crops at the date of the taking, September 27, 1974. The valuation made by the plaintiffs' experts was based in part upon the possibility that the land might be used for commercial or residential purposes at some time in the future. This was a factor which was somewhat speculative or conjectural in nature.

The easement sought prohibited the erection of buildings or structures and the growth of trees or other objects upon the land but specifically permitted the use of the land for crop farming and the presence of farm machinery and equipment upon the land temporarily as would be necessary to carry out farming tasks. Thus, the easement would not substantially interfere with the use of the land for row crop farming.

While it is true that the defendant had obtained preliminary appraisals of $1,200 and $1,600, the appraiser who had submitted the preliminary appraisal in the amount of $1,200 testified at the trial that he had concluded that this figure was erroneous and that in his opinion the damages amounted to only $100.

The defendant also produced the testimony of one of the appraisers appointed by the county court who testified that the damages amounted to $696.

The defendant was not bound by the preliminary appraisals and was entitled to seek the opinion of an

experienced review appraiser which it did. The defendant did not act in bad faith by relying upon the advice of the review appraiser. The award made by the appraisers appointed by the county court is further evidence that the offer made by defendant was not made in bad faith.

There was an error in the description of the easement taken which was not discovered until after the plaintiffs had notified the defendant that they would not negotiate. A plat accompanied the description of the easement and it is clear that the error in the description did not prejudice the plaintiffs in any way.

As we view the record it will not sustain a finding that the defendant failed to negotiate in good faith with the plaintiffs before the condemnation proceeding was commenced. The trial court should have sustained the defendant's motion and resolved this issue in favor of the defendant as a matter of law. The judgment must, therefore, be reversed and the cause remanded for further proceedings.

In their cross-appeal the plaintiffs contend that the trial court should have awarded them attorney's fees and expert witness' fees. Attorney's fees and expenses may be recovered only where authorized by statute or a uniform course of procedure. State ex rel. Ebke v. Board of Educational Lands & Funds, 159 Neb. 79, 65 N. W. 2d 392.

None of the conditions specified in section 76-720, R. R. S. 1943, were satisfied and the plaintiffs had no right to recover attorney's fees and expert witness' fees in the District Court. The cross-appeal is without merit.

The judgment of the District Court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.