MOODY'S INC., A NEBRASKA CORPORATION, LESSEE, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

267 N. W. 2d 192

Filed June 28, 1978. No. 41593.

Smith, Smith & Boyd, for appellant.

Paul L. Douglas, Attorney General, Warren D. Lichty, Jr., and Gary R. Welch, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and HASTINGS, District Judge.

WHITE, C. J.

The sole question presented in this appeal is whether the parties are entitled to a jury trial on the issue of whether the State condemner made a good faith offer of settlement under the statutory requirement in condemnation actions.

The briefs in this case were filed and the case was at issue before this court on November 10, 1977. Our decision in Suhr v. City of Seward, 201 Neb. 51, 266 N. W. 2d 190, was filed on May 24, 1978, and is dispositive of the issue raised by the appellant-condem-

nee. In Suhr v. City of Seward, *supra*, the precise question presented was disposed of by this court, as follows: "The burden is upon the condemner to allege and prove that before commencing condemnation proceedings a good faith attempt was made to agree with the owner of the land as to the damages the owner was entitled to receive. Higgins v. Loup River P. P. Dist., 159 Neb. 549, 68 N. W. 2d 170. This requirement is in the nature of a condition precedent to the right to condemn. Dzur v. Northern Indiana Public Service Co., 257 Ind. 674, 278 N. E. 2d 563; Board of County Commissioners v. Highland Mobile Home Park, Inc. (Colo. App.), 543 P. 2d 103. The requirement is satisfied by proof of an offer made in good faith with a reasonable effort to induce the owner to accept it.

"If there is an issue between the parties as to whether good faith negotiations took place before condemnation proceedings were begun, the issue should be tried to the court and determined as a preliminary matter before proceeding to trial on the matter of damages. See, Lieberman v. Chicago & S. S. R. T. R. R. Co., 141 Ill. 140, 30 N. E. 544; State v. Bair, 83 Idaho, 475, 365 P. 2d 216; Dzur v. Northern Indiana Public Service Co., supra; City of Reidsville v. Slade, 224 N. C. 48, 29 S. E. 2d 215; Charles v. Big Sandy & C. R. R. Co., 142 Va. 512, 129 S. E. 384; Board of County Commissioners v. Highland Mobile Home Park, Inc., supra."

We adhere to the decision and holding in the above case. The appeal is without merit, and the judgment of the District Court is affirmed.

AFFIRMED.